IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-22-cv-01769-DDD-SBP

Dr. Grant M. Saxena, Ph.D.
    Plaintiff,

v.

Jeffery Thomas Allen,
    Defendant.

**UNOPPOSED MOTION FOR ORDER TO SHOW CAUSE
WHY DEFENDANT SHOULD NOT RECEIVE SERVICE THROUGH EMAIL**

**NOW COMES the Plaintiff,** Dr. Grant M. Saxena, Ph.D. a law school graduate and Presidentially Appointed Captain from West Point: United States Military Academy plus honorably discharged 100% federally rated service-disabled Veteran, who **Motions for Order to Show Cause Why Defendant Should Not Receive Service Via Email** in Civil Action No. :1-22-cv-01769-DDD-SBP.

**FACTS**

I. Electronic Service of Process on the Defendant through Troublebmaker@gmail.com is Just, Reasonable, and Under the Circumstances, Required by Federal Rule of Civil Procedure 5(b)(2)(E).

1. The Federal Rule of Civil Procedure 5(b)(2)(E) permits service through electronic means if the person consents in writing. Mr. Allen, while having previously requested service by USPS mail, has continuously interfaced with the Court and other parties through his known email address.

   A. He has used his email to file documents, communicate with a process service company, and even to threaten the plaintiff. These actions strongly imply, if not outright constitute, Mr. Allen's consent in writing for electronic service.

2. Mr. Allen's failure to maintain a current address with the court, as evidenced by the returned Mail Undeliverable re notification (ECF Document No. 102), speaks to an abdication of responsibilities associated with conventional service methods. Consequently, justice and efficiency dictate that this court directs service through digital platforms used regularly by Mr. Allen.

3. In Noble v. Aetna Life Insurance, No. 14-cv-01667-MSK-NYW (D. Colo. Aug 28, 2014), the court approved electronic service on the defendant when USPS mail was ineffective. Similar principles ought to be applied presently.

II. The Usage of Mr. Allen's Known and Active Email Address Does Not Violate Due Process.

1. Courts have upheld electronic service when conventional methods prove unavailing, and such service does not violate due process when it is reasonably calculated to provide the defendant

with actual notice of the proceedings. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1018 (9th Cir. 2002).

2. In this instance, Mr. Allen's frequent use of his email address demonstrates that digital service is reasonably calculated to provide actual notice. Moreover, his continued threats and communications through this electronic medium, as well as listing the email address on his court address documents, proving that he files through the pro-se email address of COD_ProSe_Filing@cod.uscourts.gov,  recently exhibit his direct access and usage to the internet, email address, and electronic filing methods for pro se parties. *See* ECF No. [101].

III. The Court's Prior Authorization of Electronic Service on the Disabled Veteran Plaintiff Calls for Equivalent Actions against Mr. Allen.

1. Parity and impartiality require the court to authorize electronic service on Mr. Allen. The court by the same magistrate overseeing this action has currently imposed electronic service on Dr. Saxena, Ph.D., at an old law school email address in case 23-cv-00213-DDD-SBP. Despite Dr. Saxena's his status as a non-efiler due to  disabilities which are triggered and exacerbated by prolonged exposure to computer usage plus a demonstrated lack of consistent accessto the technological requirements needed for electronic litigation, the magistrate cites litigation expediency as being more paramount than respecting federal Veteran Affairs physican's orders regarding limits of computer usage due to Dr. Saxena's disabilities and proof that he has no continuous computer or internet accessibility. Now, similar reasoning should permit electronic service on Mr. Allen, given the ineffective conventional service and his usage of digital accounts.

## CONCLUSION

Justice is a double-edged sword—If electronic service is deemed fair for one person, it should hold the same for all, especially those who list an email address on their contact information documents, making equity the linchpin of our judicial process.

**WHEREFORE**, the Plaintiff urges the Court to grant the Motion for Order to Show Cause, permitting service on Mr. Allen through his email address, in the interests of efficiency, equity, and justice.

Very Respectfully Requested,

*/s/ Dr. Grant M. Saxena, Ph.D.*

**Dr. Grant M. Saxena, Ph.D.**

12/27/2023

2222 SE 2nd St,
Cape Coral, FL 33990

## CERTIFICATE OF CONFERRAL AND SERVICE

### PROCESS SERVICE

I hereby certify that on 12/27/2023, I retained a private process service company who emailed a courtesy copy of the **MOTION** to the Defendant's email address which Mr. Allen communicates with the Court from.

### CONFERRAL

On 12/25/2023, and 12/26/2023 the motion was sent through a private process service company to the defendant's email address for conferral. The defendant was also telephoned at his listed number, which went straight to voicemail. No response to the motion was received after three conferral attempts by email and phone.

Party Name: Jeffery Thomas Allen
How Served Stamped Filing: USPS First Class Mail
Party Attorney's Name: Pro Se
Address: 2705 N 20th St E
Omaha, NE 68110
Phone: 515-570-3842
Email: troublebmaker@gmail.com

Proofs are available upon written request.

Submitted,

/s/ Dr. Grant M. Saxena, Ph.D.

Dr. Grant M. Saxena, Ph.D.

12/27/2023