IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01769-DDD-SBP

GRANT M. SAXENA,

    Plaintiff,

v.

JEFFERY THOMAS ALLEN,

    Defendant.

---

**ORDER ON PLAINTIFF'S MOTIONS**

**Susan Prose, United States Magistrate Judge**

    This matter is before this court on two motions filed by pro se Plaintiff Grant M. Saxena. The first is Plaintiff's motion for costs incurred due to pro se Defendant Jeffery Thomas Allen's failure to waive service under Federal Rule of Civil Procedure 4(d)(2). *ECF No. 62* (filed April 19, 2023, hereafter the "Costs Motion").[1] Defendant did not respond. The Costs Motion remained pending when Plaintiff appealed the dismissal of his claims as time-barred. *See, e.g.,* ECF No. 84 (Notice of Appeal), No. 89 (judgment entered July 5, 2023).

    On December 7, 2023, the Tenth Circuit Court of Appeals denied Plaintiff's appeal and remanded for this court to address the Costs Motion in the first instance. ECF No. 100 (order and judgment). Three weeks later, Plaintiff supplemented the Costs Motion. ECF No. 104 (December 28, 2023). The same day, he also filed the second motion that this order addresses, requesting an

---

[1] Both parties being pro se, the court liberally construes their filings.

order to show cause why Defendant should not receive electronic service. *ECF No. 103* (hereafter, the "Motion for OSC").

On December 29, 2023, the Tenth Circuit issued its mandate. ECF No. 105. This court thus has jurisdiction of the case again to rule on the pending motions. Both motions are referred to this court. ECF Nos. 63, 106. The undersigned magistrate judge considers the motions pursuant to 28 U.S.C. § 636. For the following reasons, this court DENIES the Costs Motion and DENIES the Motion for OSC.

   I.   The Costs Motion

As a preliminary issue, the court addresses whether Plaintiff served the Costs Motion on Defendant. "A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure." Fed. R. Civ. P. 4, advisory committee's note to 1993 amendment. When—as here, since Defendant is not registered for e-filing—a motion cannot be served via ECF, Plaintiff must attach a certificate of service reflecting he served a copy by one of the other means authorized in Federal Rule of Civil Procedure 5(b)(2). Fed. R. Civ. P. 5(d)(1)(B)(i). In this instance, Plaintiff certifies

> that on 4/19/2023, I retained a private process service company who ***emailed*** a copy of the UNOPPOSED MOTION TO ORDER FEE PAYMENT DUE TO DEFENDANT'S FAILURE TO WAIVE SERVICE to the Defendant's ***email address*** which Mr. Allen communicates and sends threats from.
> CONFERRAL
> On 01/01/2023, the conferral of the motion for payment of fees was ***emailed*** to Allen's same address and no response was received in the past 108 days.
>
> Party Name: Jeffery Thomas Allen
> How Served: USPS First Class Mail
> Party Attorney's Name: Pro Se
> Address: 2705 N 20th St E, #132 Omaha, NE 68110

2

Phone: 720-326-1394
Email: troublebmaker@gmail.com

ECF No. 62 at 5 (emphasis added in bold italics).

Plaintiff thus certifies that he served the Costs Motion only by email, but he then also lists service by U.S. Mail. In addition, Plaintiff added "#132" to Defendant's mailing address of record in this case. *See* ECF No. 101 (filed December 11, 2023, Defendant's notice of change of address). It is unclear to this court whether #132 is correctly included in Defendant's address, as it appears that the court's mail to Defendant—to this street address without reference to #132—has been returned as undeliverable since June 13, 2023. ECF No. 74, 80, 102.

Assuming in Plaintiff's favor that he did mail the Costs Motion to Defendant and used Defendant's address of record, the court now turns to the merits.

Under Federal Rule of Civil Procedure 4(d), the plaintiff can request defendants who are within the United States and are subject to service under Rule 4(e)—as Mr. Allen was—to waive personal service of the summons and complaint. Specifically, Rule 4(d)(1) provides:

> **(1) *Requesting a Waiver.*** An individual . . . that is subject to service under Rule 4(e) . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
> **(A)** be in writing and be addressed:
>     **(i)** to the individual defendant; * * *
> **(B)** name the court where the complaint was filed;
> **(C)** be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
> **(D)** inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
> **(E)** state the date when the request is sent;

3

> **(F)** give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
> **(G) be sent by first-class mail or other reliable means**.

Fed. R. Civ. P. 4(d)(1) (in relevant part, emphasis added).

If the defendant does not agree to waive service, then Rule 4(d)(2) allows the plaintiff to seek the costs it incurred in serving process:

> **(2) *Failure to Waive.*** If a defendant located within the United States fails, **without good cause,** to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> **(A)** the expenses later incurred in making service; and
> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2) (emphasis added).

The court exercises its sound discretion in determining whether Defendant had good cause to not waive service. *See, e.g.*, *Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 28 F.4th 1051, 1071 (10th Cir. 2022) (standard of review is abuse of discretion). "[S]ufficient cause should be rare." Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment. Specifically:

> It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction. Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request or was insufficiently literate in English to understand it.

*Id.*

In this case, the court finds Defendant had good cause not to waive service because Plaintiff has not shown that he either mailed or sent the waiver request to Defendant by other "reliable means" as required by Rule 4(d)(1)(G). The Tenth Circuit does not appear to have addressed the procedural requirements of Rule 4(d)(1) or Rule 4(d)(2). *See, e.g.*, *Chegup,* 28

4

F.4th at 1071 (no discussion other than of the good cause standard); *Pollock v. Vista Vill. Mobile Home Park*, 229 F.3d 1164 (10th Cir. 2000) (noting only "if a defendant does not waive service after a plaintiff has so requested *in accordance with the Rule,*" emphasis added). But one judge in this District has undertaken a detailed consideration of the issue and has noted "the procedural requirements of Rule 4(d)(2) are a 'condition precedent to a demand for costs for refusal to waive service.'" *Shell v. Am. Fam. Rts. Ass'n*, No. 09-cv-00309-MSK-KMT, 2009 WL 3837890, at *1 (D. Colo. Nov. 13, 2009) (quoting *Spivey v. Bd. of Church Extension & Home Mission of the Church of God,* 160 F.R.D. 660 (M.D. Fla. 1995)).

"[S]ervice of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule." *Shell*, 2009 WL 3837890, at *2 (discussing the plaintiff's failure to state in the waiver request the date that it was sent). *Shell* and many other courts therefore require only "substantial compliance" with Rule 4(d)(1)'s requirements, so long as the defendant "was not prejudiced." *Id. See also Brinks Global Services USA, Inc. v. Bonita Pearl Inc.,* ---F. Supp. 3d---, 2023 WL 5231356, at *5 (S.D.N.Y. Aug. 14, 2023) (collecting cases).

In this case, Plaintiff notes "[t]he waivers have been returned to the court unexecuted." Costs Motion at 2 ¶ 3. Specifically, on August 29, 2022, Plaintiff filed a "Notice" of the waiver request and related documents that he had attempted to mail to Defendant. ECF No. 10. The filing includes a copy of his certified mail envelope to Defendant, *returned and marked by the*

5

*Post Office as undeliverable. Id.* at 10.² Plaintiff does not supply copies of any successful mailing of the waiver request (and the other documents required in Rule 4(d)(1)) to Defendant.

Construing the Costs Motion liberally, Plaintiff argues that his email to Defendant (apparently around October 3, 2022) was a "reliable means" of sending the waiver request within the meaning of Rule 4(d)(1)(G). Here, Plaintiff notes that on October 3, 2022, Defendant "notified [Plaintiff that] he was unwilling to waive the service of summons, responding via email to Plaintiff with several threats and obscene messages in reaction to the waiver request." Costs Motion at 2 ¶ 4. Plaintiff further states that "[t]he [Defendant's] messages were sent from the Respondent's court listed email address." *Id.* (citing ECF No. 12, Ex. 1).³

Plaintiff does not point to any authority to support his contention that his email to Defendant was a "reliable means" within the meaning of Rule 4(d)(1)(G). "[P]rivate messenger services or electronic communications . . . may be equally reliable" as U.S. mail. *See* Fed. R. Civ. P. 4 advisory committee note to 1993 amendment. However, at the time of the advisory committee's comment, it did not contemplate ***email***. *Id.* ("[i]f electronic means such as facsimile transmission are employed, the sender should maintain a record of the transmission to assure proof of transmission if receipt is denied"). Thus, Rule 4(d) primarily contemplates that "a plaintiff [will] request a waiver of service of process ***by first class mail.***" *CNA Sur. v. Barnett*,

---

² The invoices of Plaintiff's mailing service (ECF No. 62-8, 62-9) list the *types* of documents that they mailed on Plaintiff's behalf (apparently to Defendant, although the invoices do not say so), but the invoices do not state *where* they mailed the documents or whether they were returned as undeliverable. *See, e.g.,* ECF No. 62-9.

³ Defendant does not actually have a "court listed" email address, as he did not register for e-filing in this case.

No. 06-cv-01159-EWN-BNB, 2006 WL 3618291, at *2 (D. Colo. Dec. 11, 2006) (emphasis added).

Preferring the U.S. mail for waiver requests is consistent with Rule 5, which—unless and until a litigant registers for ECF or consents in writing to electronic service—does not permit electronic service of filings after the complaint. *See* Fed. R. Civ. P. 5(b)(2)(E) (electronic filing is only available to serve "a registered user" in ECF); *id.*, Rule 5(b)(2)(F) (electronic service is only authorized if the party has "consented to [email or fax service] in writing").[4] Here, Defendant's email (apparently of October 3, 2022) made plain that he did ***not*** consent to service by email. ECF No. 12 at 6.

More importantly, while email could in some cases be a "reliable means" of serving a waiver request, it was not reliable in this case. In another email of October 3, 2022, Defendant says: "Whatever Your [sic] trying to send Me ***I can't open and look at. I tried.***" *Id.* at 7 (emphasis added). Plaintiff does not point to any documentation in the record that suggests Defendant was ever able to open the waiver request or the other documents required in Rule 4(d)(1)—including the notice of consequences if Defendant failed to waive. In short, Plaintiff does not show that Defendant ever actually received the waiver request in a form that he could open. Thus, Defendant was prejudiced by Plaintiff's failure to properly mail or at least email him the waiver request documents in a form that Defendant could open and read. This is good cause for Defendant's failure to waive service.

Plaintiff contends, however, that Defendant was evading service at the time and had

---

[4] For attorneys that are members of this court's bar, ECF registration is required and constitutes consent to electronic service. D.C.COLO.LCivR 5.1(a), (d). However, that rule does not apply to pro se parties, for whom ECF registration is permitted but not required. *Id.* 5.1(b)(3).

moved to Nebraska to do so. If Plaintiff had supported this assertion factually, a defendant's evasion of service is relevant to whether the plaintiff substantially complied with Rule 4(d)(1) for purposes of a Rule 4(d)(2) motion. *Cf.* Fed. R. Civ. P. 4 advisory committee note to 1993 amendment ("This device [of allowing the plaintiff to request waiver of service] is useful in dealing with defendants who are furtive."); *Brinks*, 2023 WL 5231356, at *9 (corporate defendants failed to update their registered addresses as required by law, thus the plaintiff was not to blame for sending waiver requests to outdated addresses).

But here, Plaintiff does not support his assertion that Defendant was evading service in the time period that Plaintiff tried to request waiver of service, which was approximately July 2002 through October 2022. Plaintiff states that he used the address from Defendant's Colorado driver's license. But it is plain from the license itself that it expired over a year before Plaintiff was attempting to mail the waiver request. ECF No. 12-2.[5] Plaintiff's two completed affidavits of non-service show that Plaintiff later tried to serve Defendant at addresses that were similarly outdated. The residents of those addresses had either lived there for years and did not know Defendant, or in one case, the resident was a relative who said Defendant had not lived there since 2010. ECF No. 62-2, 62-3. These facts do not reflect evasion of service.

Plaintiff further asserts that Defendant established an address in Texas to "maintain a Texas driver's license while living in Nebraska" in order to avoid service. But Plaintiff does not provide any documentation of Defendant's Texas driver's license—or of *any* current driver's license of Defendant. Costs Motion at 3 ¶ 8.a. Nor does Plaintiff point to any other evidence

---

[5] Plaintiff filed Defendant's expired driver's license publicly. Rule 5.2 required Plaintiff to redact at least the year of Defendant's birth. Fed. R. Civ. P. 5.2(a). Plaintiff did not do so. The Clerk's office is requested to restrict ECF No. 12-2 in this case as Level One.

suggesting that Defendant moved to Nebraska to evade service. The court is thus not persuaded that Defendant was evading service when Plaintiff attempted to mail the waiver request.

In short, this court finds Defendant had good cause not to waive service because Plaintiff has not shown that Defendant ever received the waiver request (and the other documents required in Rule 4(d)(1)) in a form that he could open.

The court further notes that even if Plaintiff had shown that Defendant lacked good cause—and Plaintiff has not met that showing—Plaintiff also has not shown that the bulk of the $563 in costs he identifies would be appropriately assessed against Defendant. First, Plaintiff alleges several costs from a company he identifies as "Ruckus Records." This company's address is the same address in London that Plaintiff uses in the Costs Motion. *See* ECF No. 62-6, 62-7. The court takes judicial notice that the individual identified as the "Chief of Process Service Division" for Ruckus Records, Jay Kumar, (ECF No. 62-1) is Plaintiff's father or step-father. *See Saxena v. Saxena-Kumar*, 1:22-cv-00321-LTB, ECF No. 1 at 5 ¶ 1 (D. Colo.) (Plaintiff's complaint filed February 2, 2022, identifying Jay Kumar as Plaintiff's parent). The document that Mr. Saxena files as Mr. Kumar's purported affidavit of non-service—and purportedly charging $250 for same—is neither signed nor dated. ECF No. 62-1. Plaintiff also does not submit any documentation showing that he paid Ruckus Records' invoice.

Second, Plaintiff includes at least three purported charges that are wholly inappropriate, even if Plaintiff actually paid these fees. Costs Motion at 3 ¶¶ 14-16 (alleging three charges of $25 each). These charges are for *Rule 5* service of post-complaint filings, not Rule 4 service of the summons and complaint. They therefore are not within the scope of Rule 4(d)(2). In addition, these charges (on December 31, 2022, January 1, 2023, and April 19, 2023) post-date Plaintiff's

9

personal service on Defendant, which Plaintiff notes occurred by December 13, 2022. *Id*. at 3 ¶ 13. Defendant filed a "Response to Service" before those charges as well. ECF No. 16 (filed December 30, 2022). In total, at least $325 of the $563 in costs that Plaintiff originally sought on the Costs Motion is on its face wholly inappropriate.

Turning to Plaintiff's "supplement" (ECF No. 104) to the Costs Motion, the court first notes that this filing was unauthorized. Plaintiff did not seek leave to amend the Costs Motion. The supplement also does not cure the deficiencies of the original motion. Plaintiff still does not show that Defendant actually received the waiver request in a form that he could open. Accordingly, the supplement does not save the Costs Motion from being denied on that basis.

In addition, even if the supplement did show that Defendant lacked good cause, none of the additional costs that Plaintiff seeks are authorized. Plaintiff requests his appellate filing and mailing costs and $200 per hour for his personal time spent preparing his appellate briefs. ECF No. 104. But he does not cite any authority in support of these demands. Plaintiff has not shown that his appellate briefs constitute a "motion required to collect those service expenses" that are within the meaning of Rule 4(d)(2)(B). Rather, Plaintiff's Costs Motion remained pending in this court during the entire appeal, which Plaintiff ultimately lost.

Even if Plaintiff did show that his appellate briefs come within the scope of Rule 4(d)(2) (or some other legal authority for imposing costs), he also does not cite any authority to support his view that $200 per hour for a pro se litigant's time is a "reasonable expense" under any rule. This court finds that such a fee is patently not reasonable in this case. Plaintiff compares this fee to attorney fees (ECF No. 104 at 4), and he refers to himself as a law school graduate. But Plaintiff does not allege that he is a licensed attorney. He is not a member of this court's bar. He

cites no cases awarding a pro se, non-lawyer litigant any compensation for the time they spend on their lawsuit. In any case, Plaintiff's proposal to charge Defendant $200 per hour for Plaintiff's pursuit of an unsuccessful appeal is wholly unreasonable.

In sum, the Costs Motion must be and is denied.

## II.     The Motion for OSC

This leaves Plaintiff's Motion for OSC. ECF No. 103. Plaintiff requests an order for Defendant to show cause why he should not receive service via email. However, the motion is in reality one to reconsider Judge Rodriguez's order of June 2, 2023, that granted (in part) Defendant's motion to require Plaintiff to serve documents by mail. ECF No. 70 at 18-19. Judge Rodriguez granted that motion to the extent that she noted Plaintiff must effectuate service "in a manner that complies with the Federal Rules of Civil Procedure." *Id.* at 19. She quoted Rule 5(b) concerning the authorized means of service of documents after the complaint.

Courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, Plaintiff points to two factual developments since Judge Rodriguez's order: (1) Defendant's mail has been returned to the court, and (2) the court required Plaintiff to accept electronic service in one of his other cases (23-cv-00213-DDD-SBP) in which he had not registered for e-filing.

The court denies the Motion for OSC. While Defendant's mail has been returned to the court since mid-June 2023, this case has been *closed* since July 5, 2023. Plaintiff appealed, and the Tenth Circuit denied his appeal. The only item of business that remained in this case was the

11

Costs Motion. Plaintiff instead chose to "supplement" that motion without authorization and to file a motion to reconsider (i.e., the Motion for OSC). Plaintiff did so already knowing that his being required to accept electronic service in 23-cv-00213-DDD-SBP is distinguishable: in that case, Plaintiff designated an *international* address for opposing parties to both serve and confer with him by mail, despite Plaintiff's use of mailing addresses in Florida and Nevada for his other cases that were pending at the time. *See* 23-cv-00213-DDD-SBP, ECF Nos. 48, 70. Plaintiff used the international mail requirement to harass opposing counsel for having sent emails to him. *Id*. Plaintiff indeed threatened to sue a paralegal if she again attempted to serve documents to him by email. *Id.,* ECF No. 48 at 3. In this case, while Defendant's October 2022 responses to Plaintiff's emails use some foul language and were far from civil in tone, the docket does not reflect that Defendant has ever used the requirement of mail service to harass Plaintiff.

In any case, this order rules on all pending motions. Plaintiff's claims were dismissed as time-barred, and this deficiency cannot be remedied. Other than any objection he may choose to make to this order, Plaintiff has no need to file or serve anything else in this case. Mailing his objection (if any) to this order to Defendant is not a hardship or prejudicial to Plaintiff. In short, Plaintiff has not shown any reason to reconsider Judge Rodriguez's order. The Motion for OSC is denied.

### III.     *Conclusion*

For each of the reasons stated above, Plaintiff's motion for costs (ECF No. 62) is DENIED. Plaintiff's motion for an order to show cause (ECF No. 103) is likewise DENIED. The Clerk's office is requested to restrict ECF No. 12-2 as Level One. This case shall remain closed.[6]

---

[6] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after

DATED:  March 6, 2024

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

13